UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND SMITH,

    Plaintiff,

vs.                              Case No.   3:25-cv-1269-MMH-LLL

TITAN FLORIDA LLC,

    Defendant.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Plaintiff initiated this action by filing a Complaint and Demand for Jury Trial Declaratory Relief Requested (Doc. 1; Complaint) on October 20, 2025. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. Relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n. 13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or

occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. Of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, in the Complaint, Counts I, II, and V each appear to contain multiple causes of action. See Complaint at ¶¶ 66–83, 110–21. Specifically, it is unclear whether Plaintiff's discrimination claims are based on a hostile work environment, adverse employment actions, or both. See id. For example, in each count, Plaintiff incorporates factual allegations asserting that he experienced workplace harassment and adverse employment actions. See, e.g., id. at ¶¶ 66, 75, 110 (incorporating ¶¶ 10, 61 (alleging a hostile and abusive work environment) and ¶¶ 10, 51, 53, 57 (alleging an adverse employment action)). Moreover, in Count II, Plaintiff alleges that he experienced both harassment and discrimination, see id. ¶ 77, but he fails to specify the basis for his overall claim, see id. ¶¶ 75–83. If Plaintiff is alleging both hostile work environment and an adverse employment action, each of these legal theories requires a separate count. See Williams v. Perry Slingsby Sys. Inc. Technip Grp., No. 08-81076, 2008 WL 11333634, at *2 (S.D. Fla. Oct. 15, 2008) ("[I]f plaintiff is alleging hostile work environment [and] disparate treatment . . . each of those

distinct legal claims or legal theories requires a separate count").[1] Because Plaintiff does not separate these causes of action into different counts, the Complaint is an improper shotgun pleading. See Weiland, 792 F.3d at 1322–23 n. 13.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint and Demand for Jury Trial Declaratory Relief Requested (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **November 10, 2025**.   Failure to do so may result in a dismissal of this action.

---

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of October, 2025.

*[Signature: Marcia Morales Howard]*

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record